103 F.3d 142
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bernard MITCHELL, Defendant-Appellant.
 No. 95-50583.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1996.*
Decided Nov. 20, 1996.
 
 1
 Before: FERNANDEZ and HAWKINS, Circuit Judges, and SCHWARZER,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Mitchell was charged with one count of conspiracy to possess cocaine base with intent to distribute in violation of 21 U.S.C. § 846, four counts of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841, and four counts of distribution of cocaine base in violation of 21 U.S.C. § 841. Following conviction on all counts he was sentenced to the mandatory minimum term of 240 months. He appeals the sentence, arguing that the district court erred in failing to depart downward on the basis of sentencing entrapment or sentencing manipulation.
 
 
 4
 The government proved that Mitchell participated in a number of transactions for the sale of crack cocaine. Initially, Mitchell appeared unsolicited at a meeting set up by a government informant with another person and tried to convince the informant to buy from him, giving him a $20 "rock" on credit. At a later meeting, again set up with another person, Mitchell appeared and announced that he would not be left out of the deal. The first transaction charged in the indictment occurred three months later, on September 23, 1994. After a sale had been arranged by the informant with Mitchell's codefendant, Mitchell appeared unexpectedly and participated in the sale of 55.7 grams of crack cocaine. In the next transaction, Mitchell, at the request of the informant, produced 22.8 grams of crack cocaine for sale. Later that same day, when the informant asked Mitchell if he could supply two more ounces, he came up with 50.9 grams of crack cocaine to sell. A few days later the informant again arranged for a sale with Mitchell's codefendant. When the parties met, Mitchell showed up and produced 73.7 grams. Shortly after that, Mitchell sold the informant another 21.7 grams.
 
 
 5
 Mitchell contends that he is entitled to a downward departure because the government, by engaging in repeated transactions to increase the quantity of drugs charged, committed sentencing entrapment or manipulation. According to Mitchell, the repeated transactions here served no apparent purpose other than to increase the sentence.
 
 
 6
 To establish sentencing entrapment, a defendant must demonstrate that he had neither the intent nor the resources for completing a transaction for the quantity charged. United States v. Naranjo, 52 F.3d 245, 250 (9th Cir.1995). Mitchell has failed to make the requisite showing. Here, the record shows that Mitchell was aggressively selling crack on the street and injecting himself into transactions arranged with other suppliers. In the first transaction charged, though arrangements were made with Mitchell's codefendant, Mitchell appeared unsolicited at the consummation. In each instance in which the informant offered to buy from Mitchell, he never hesitated over the amount requested and promptly produced it. Not only was Mitchell predisposed to sell crack, but he also was not induced to sell it in larger quantities than he was accustomed to selling. The district court did not abuse his discretion in rejecting the claim of sentencing entrapment.
 
 
 7
 Even if sentence manipulation is a viable doctrine, a question we do not decide, this court has rejected the claim that sentencing manipulation occurs whenever the government, even though it has enough evidence to indict, opts instead to wait in favor of continuing its investigation:
 
 
 8
 Such a rule "would unnecessarily and unfairly restrict the discretion and judgment of investigators and prosecutors." ... "Police ... must be given leeway to probe the depth and extent of a criminal enterprise, to determine whether coconspirators exist, and to trace ... deeper into the distribution hierarchy."
 
 
 9
 United States v. Baker, 63 F.3d 1478, 1500 (9th Cir.1995), (quoting United States v. Jones, 18 F.3d 1145 (4th Cir.1994) and United States v. Calva, 979 F.2d 119, 123 (8th Cir.1992)).
 
 
 10
 In any event, the additional sales made after the initial sale of September 23, 1994, did not enhance Mitchell's sentence. The two counts based on the initial sale each carried a mandatory minimum sentence of 20 years under 21 U.S.C. § 841(b)(1)(iii), thus accounting for Mitchell's sentence without regard to the other sales.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3